# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2010

Lyle W. Cayce
Clerk

No. 09-20459

BASSAM NABULSI; RIMA NABULSI,

                                    Plaintiff-Appellants,

v.

H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN,

                                    Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 06CV2683

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Bassam and Rima Nabulsi appeal the district court's dismissal of the Plaintiffs' complaint for lack of personal jurisdiction over Defendant Sheik Issa. Before this Court, the Nabulsis argue that Sheikh Issa is subject to specific jurisdiction for his actions in Texas, general jurisdiction as a result of his continuous and systematic contacts with the State of Texas, and general jurisdiction in the United States pursuant to Fed. R. Civ. P. 4(k)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our careful review of the arguments raised on appeal—as well as the evidentiary record regarding the Defendant's contacts with the forum—leads us to conclude that all of the Plaintiffs' arguments on appeal have been thoroughly considered, and correctly decided, by the district court. That is, our review of the district court's astute and thorough consideration of the facts and legal analysis leaves us with nothing more to discuss.[1]  Accordingly, we affirm for the reasons set out in the memorandum opinion order of the district court dated June 12, 2009.

AFFIRM.

---

[1] On appeal, the Plaintiffs also contend that the district court abused its discretion when it denied the Plaintiffs' motion for alternative service.  Because we conclude that the district court did not err in determining that it lacked personal jurisdiction over the Defendant, we do not reach a decision regarding the district court's consideration of the Plaintiffs' motion for alternative service—as it is now moot.